UNITED STATES

v.

Kenneth E. AZEVEDO Chief Yeoman,
U.S. Coast Guard.

CGCM 9987.
Docket No. 876.

U.S. Coast Guard Court of
Military Review.

2 April 1987.

Trial Counsel: LCDR Ronald C. Zabel, USCG.

Defense Counsel: LT Joseph R. McFaul, USCG.

Appellate Defense Counsel: LT Keith M. Harrison, USCGR, LCDR Robert Bruce, USCG.

Appellate Government Counsel: LCDR Robert R. Meeks, USCG, LCDR Thomas J. Donlon, USCG.

## DECISION

BAUM, Chief Judge:

■ Appellant stands convicted, contrary to his pleas, of a variety of offenses under the Uniform Code of Military Justice. These crimes include: two specifications under Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, of dereliction of duty with respect to administration of a Coast Guard Mutual Assistance Fund; three specifications under Article 107, Uniform Code of Military Justice, 10 U.S.C. § 907, of false official statements relating to Coast Guard Mutual Assistance loan repayments; two specifications under Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 encompassing larceny and wrongful appropriation of money, the property of Coast Guard Mutual Assistance, and wrongful appropriation of money, the property of the Coast Guard Terminal Island Morale Fund; and one specification under Article 134, 10 U.S.C. § 934, Uniform Code of Military Justice, of altering public records, the checkbook secretary of the Coast Guard Mutual Assistance Fund account at the Alameda Coast Guard Credit Union and the cashbook for the U.S. Coast Guard Reserve Terminal Island Mutual Assistance Fund. Appellant was sentenced to a bad conduct discharge, reduction to E-3, confinement for two months and forfeiture of $600 per month for two months. The findings and sentence were approved below and are challenged before this Court in twelve assignments of error. In assignments I and V, appellant contends that the convening authority was disqualified as an accuser from referring the charges to trial and reviewing the findings and sentence after conviction. As in *U.S. v. Doyle*, 9 USCMA 302, 26 USCMA 82 (1958), we view the convening authority's interest in this case to be official in nature, rather than personal, and, accordingly, reject the asserted error.

■ In assignment of error II, appellant contends that the offenses of dereliction of duty, false official statement and altering a public record should be set aside because they are erroneously premised upon the status of Coast Guard Mutual Assistance as an official entity of the United States Government and its functions as official duties of Coast Guard personnel. We agree that Coast Guard Mutual Assistance is not an official entity of the United States. It is, instead, a private non-profit charitable organization similar in nature to other private groups which provide financial assistance and counseling to military members and their dependents, such as the Navy Relief Society, Army Emergency Relief and the Air Force Aid Society. The fact that Coast Guard Mutual Assistance is not an official entity of the United States, however, does not preclude assigning official duties to an active duty military member that pertain to such an organization. In *U.S. v. Lauderdale*, 19 M.J. 582 (NMCMR 1984), a case cited by both appellant and the Government, the Navy-Marine Corps Court of Military Review found that assignment of the accused in that case to temporary duty at a Navy Relief Society office, "to have been lawful and reflective of the support accorded to Navy Relief Society facilities in furtherance of the local commander's responsibilities regarding the welfare of assigned personnel and their

families." *Id.* at 584. Interestingly, after expressing this conclusion, that Court went on to say in a footnote towards the end of the opinion that it considered the practice questionable of utilizing active duty personnel as caseworkers in Navy Relief Society offices, but that a determination of the matter was not necessary to the resolution of the case. *Id.* at 586, footnote 1. We have no such hesitation in finding the Coast Guard practice of assigning Mutual Assistance duties to Coast Guard personnel to be both lawful and appropriate.

Here, the record makes it clear that the Commandant of the Coast Guard has sanctioned an on-going, mutually beneficial workload-sharing arrangement with Coast Guard Mutual Assistance to assist Coast Guard units in meeting morale and welfare needs. An Operation Plan (OPLAN) in effect within the Eleventh Coast Guard District identified various Coast Guard officers by job-title as having responsibilities connected with Mutual Assistance. The accused's commanding officer was among those so identified. As Commanding Officer, Coast Guard Base Terminal Island, he was directed by the OPLAN to run Coast Guard Mutual Assistance for his unit and, in turn, he had assigned to the accused the duty and responsibility of handling and accounting for Coast Guard Mutual Assistance funds. As the record indicates, appellant's functions were subject to periodic audit by the Coast Guard and information from documents and reports prepared by him was used by officials at Coast Guard Headquarters in the district and in Washington, D.C. to evaluate the operation.

 Based on these facts, we believe appellant was lawfully assigned the responsibility by his superior officer of maintaining and accounting for Mutual Assistance funds and records for his unit. Having found the duties assigned to appellant of handling and accounting for funds for Coast Guard Mutual Assistance to be lawful, we have no difficulty concluding that

his delinquencies with respect to those responsibilities were derelictions of official duties and his declarations alleged in the Article 107 Uniform Code of Military Justice offenses were false official statements. We also find the Mutual Assistance Fund checkbook secretary and cashbook to qualify as public records for purposes of the offense alleged under Article 134, Uniform Code of Military Justice of altering a public record. Since the Coast Guard was engaged in a cooperative arrangement with Coast Guard Mutual Assistance designed to meet Coast Guard Morale and Welfare needs at all levels of command, the checkbook and cashbook records were kept, as part of appellant's official duty, for the benefit of the Coast Guard. There is a sufficient nexus there to conclude that these records are public as opposed to private and that alteration by appellant in the manner shown by the evidence was wrongful and, under the circumstances, prejudicial to good order and discipline, in violation of Article 134, Uniform Code of Military Justice. Accordingly, assignment of error II is rejected. We also find the remaining assignments of error to be without merit.

 The evidence convinces us beyond a reasonable doubt that appellant is guilty of all offenses. Moreover, we do not find the sentence to be excessive or inappropriate for these offenses and we deem that it should be approved. In reaching this conclusion we have taken into consideration all additional matters bearing on sentence that appellate defense counsel has submitted by motion.

For the reasons indicated, the findings and sentence approved below are affirmed.

Judges BURGESS and GRACE concur.*

* Judge Bridgman did not participate in the decision in this case. Judge Lynn was present during oral argument but retired from active duty in the United States Coast Guard before final action was taken in the case.