**UNITED STATES, Appellee,**

v.

**Sergeant Carl SIMMS, 438–19–7457, United States Army, Appellant.**

**ACMR 9102676.**

U.S. Army Court of Military Review.

30 Oct. 1992.

For Appellant: Colonel Malcolm H. Squires, Jr., JAGC, Major James M. Heaton, JAGC, Captain Edward T. Keable, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A.

---

Russelburg, JAGC, Major Timothy W. Lucas, JAGC (on brief).

Before NAUGHTON, BAKER, and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSTON, Judge:

In accordance with his pleas, the appellant was convicted of signing a false official document, making a false official statement, and larceny, in violation of Articles 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 921 (1982) [hereinafter UCMJ]. A court-martial panel of officer and enlisted members sentenced him to a reduction to Private E1 and a bad-conduct discharge. The convening authority approved the sentence.

Although the case was submitted on appeal upon its merits, we specified the following issue:

WHETHER THE MILITARY JUDGE ERRED IN ACCEPTING THE ACCUSED'S PLEA OF GUILTY TO MAKING A FALSE OFFICIAL STATEMENT AND FALSELY SIGNING AN OFFICIAL DOCUMENT IN LIGHT OF THE PRIVATE, NONPROFIT STATUS OF THE ARMY EMERGENCY RELIEF ORGANIZATION.

We conclude that the military judge acted properly in accepting the guilty plea.

The appellant, an Army bandsman at Fort Sheridan, Illinois, with approximately ten years of acceptable service, needed cash to care for his ailing mother and to cover other expenses. He and his brother stole an Army saxophone worth $3,750.00 and sold it. The appellant also applied for a loan from Army Emergency Relief [hereinafter AER]. In filling out the AER application form, however, the appellant signed his unit commander's name to the section of the form that recommended approval. The falsification was discovered during processing and the appellant was charged under Article 107, UCMJ, with signing and submitting the false application.

■ The appellant contends that the submission of a loan application to AER was not "official" as he had no assigned military duties concerning the loan. In his view, the unofficial nature of his acts would not support a conviction of the false official statement offenses. We disagree.

Article 107, UCMJ, addresses "any false record, return, regulation, order, or other *official* document" and "any other false *official* statement" (emphasis added). The Manual for Courts–Martial, United States, 1984, Part IV, para. 31c(1) defines official documents and official statements to include all documents and statements made in the line of duty. Even though the appellant in this case had no duty to make an application for a loan, once he decided to submit the required forms into governmental approval channels, he was not free knowingly to supply false information.

■ The appellant further contends that his actions were not "official" as evidenced by the private, nonprofit status of AER. We agree with the appellant that the AER organization is a private, nonprofit organization incorporated under the laws of the District of Columbia on 5 February 1942 for the purpose of collecting and holding funds to relieve financial distress of members of the Army and their dependents. *See* Army Reg. 930–4, Army Emergency Relief, para. 1–6a (24 Nov. 1986) [hereinafter AR 930–4]. We disagree, however, with his contention that no governmental function was involved.

Department of the Army Pamphlet 27–9, Military Judges' Benchbook, para. 3–65, note 1 (1 May 1982), states that "[f]or a document or statement to be regarded as official, it must be concerned with a governmental function and must be made to a person who is [sic] receiving it is discharging the functions of his/her particular office, or to an office which in receiving the document or statement is discharging its functions."

The AER, as a private non-profit corporation, clearly is not an official entity of the United States. In *United States v. Azevedo*, 24 M.J. 559 (C.G.C.M.R.1987), Chief Judge Baum noted that the Coast Guard Mutual Assistance, Navy Relief Society,

**904**

Air Force Aid Society, and Army Emergency Relief are not official entities. Instead they are private groups that provide financial assistance and counselling to military members and their dependents.

The private nature of AER as an organization, however, does not determine whether the loan application process is an official function. While the organization is private, the approval process for AER loans is an official activity of government personnel who are intimately and extensively involved in reviewing loan applications and in approving the disbursement of AER funds to particular applicants. *See* AR 930–4. In this case the appellant falsely signed his commander's name to an official Department of the Army, Form 1103 [hereinafter DA Form 1103], Application For Army Emergency Relief Financial Assistance (Aug 1985), recommending that the loan be approved. Table 2–1, Approval Authorization, for AR 930–4, indicates that the appellant's loan application for $750.00 would have to be approved by the Directorate of Personnel Community Activities, Fort Sheridan, before the funds could be disbursed.

Clearly the appellant was involved in subverting the official approval process for the disbursing of AER funds to deserving service members when he falsely signed his commander's name to the DA Form 1103 and submitted it to Army officials at the AER office. Thus, his actions amounted to signing and making a false official statement.

The remaining issue raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), is without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge NAUGHTON and Judge BAKER concur.